UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN OSHIRO,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>  Defendant. | No. CV-06-0329-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the

---

[1] As of February 12, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to FED. R. CIV. P. 25(d)(1), Commissioner Michael J. Astrue should be substituted as Defendant, and this lawsuit proceeds without further action by the parties. 42 U.S.C. § 405 (g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1  Commissioner for additional proceedings.

## JURISDICTION

On October 31, 2002, plaintiff Ryan Oshiro (Plaintiff) protectively filed his applications for disability insurance benefits and Social Security Income benefits. (Tr. 59.) Plaintiff alleged disability due to chronic depression, attention deficit disorder and agoraphobia, with an onset date of June 30, 2000. (Tr. 56, 76, 365.) Benefits were denied initially and on reconsideration. (Tr. 28, 34.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ John Hood on February 15, 2005. (Tr. 381-97.) Plaintiff, who was present and represented by counsel, testified briefly. (Tr. 383.) Medical expert W. Scott Mabee, Ph.D., testified; vocational expert Jill Dempsey appeared, but did not testify. (Id.) The ALJ denied benefits and the Appeals Council denied review. (Tr. 6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 50 years old and had a high school education. (Tr. 82.) He had never been married and had no children. (Tr. 239.) He had past relevant work as a book store manager, cook, and landscaper and nursery worker. (Tr. 77.) He had a history of heavy marijuana abuse, as well as extremely heavy cocaine and methamphetamine abuse. (Tr. 239-40, 271, 278.) Medical records indicate his first and only substance abuse treatment took place in 2004. (Tr. 277, 355.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Hood found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 20.) At step two, he found Plaintiff had the severe impairment of chronic depression, but determined at step three that it did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Id.) The ALJ found Plaintiff's allegations regarding his limitations were not totally credible. (Tr. 20.) At step four, he determined Plaintiff had a residual functional capacity (RFC) of no physical limitations, but "he should have limited contact with the public, and few changes in his routine or workplace." (Id.) The ALJ concluded Plaintiff could perform his past relevant work as a cook or nursery worker as performed and as generally performed in the national economy. (Tr. 20.) The ALJ determined Plaintiff was not disabled "even when his drug and alcohol abuse is considered" at any time through the date of his decision. (Id.) He also found Plaintiff's substance abuse, in remission, was "not a contributing factor material to the determination of disability." (Tr. 21.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in finding Plaintiff's mental impairments were not disabling. (Ct. Rec. 13 at 5.) Plaintiff asserts the ALJ improperly evaluated the medical evidence and challenges the ALJ's credibility finding. (Id. at 8.)

**DISCUSSION**

**A.   Credibility**

In his sequential evaluation, the ALJ found Plaintiff was "not credible" and discounted his statements concerning symptoms and

limitations.[2] (Tr. 19.) In *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002), the court noted when the ALJ finds the claimant's statements as to the severity of impairments and limitations is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in his allegations of limitations or between his statements and conduct, his daily activities and work record, and testimony from physicians and third

---

[2] For reasons unexplained by the ALJ or Plaintiff's representative, it appears Plaintiff was not given an opportunity to testify fully at the February 15, 2005, hearing. Rather, the ALJ interrupted Plaintiff's attempt to answer the ALJ's first question to take testimony from medical expert Scott Mabee, Ph.D. (Tr. 383.) Although the hearing transcript indicates Plaintiff's representative intended to present testimony, no further examination of Plaintiff was made by either the ALJ or Plaintiff's representative. (Tr. 391-92.) On remand, the Plaintiff will be given the opportunity to testify and respond to examination by his representative and the ALJ. 20 C.F.R. §§ 405.1(b)(2), 405.320(a), 405.350; *see also* SSR 79-19 (disability issues "may best be resolved on the basis of detailed testimony as to the individual's activities, background, experience, etc. presented at the hearing.") If Plaintiff chooses to testify on remand, new credibility findings may be necessary.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600. If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, in his credibility findings, the ALJ referenced evidence in the record of Plaintiff's poor work record, his history of quitting jobs for reasons unrelated to his alleged disability, statements to his doctors that he did not want to work because his wages would be garnished, and his interest in supporting himself with benefits. (Tr. 19.) These reasons are "clear and convincing" and amply supported by the record. (Tr. 137, 157, 166, 239-40, 273.) In addition, the record includes evidence that for several years, Plaintiff denied his long-term drug use to treating medical providers, but later admitted to past heavy use and reported he still used marijuana "when he can obtain it." (Tr. 167, 239.) He ultimately admitted to his treating nurse practitioner, Nora Cross, that he had never tried giving up cannabis use before December 2003. (Tr. 277-78.) He reported to examining psychiatrist Julie Janssen, M.D., that he hated working and, in the past, had faked a disability to get a disabled parking permit. (Tr. 166.) He also reported he was a drug dealer in Hawaii and had a significant history of heavy methamphetamine and cocaine use. (Tr. 240, 271.) Although this

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

drug use was discontinued, his involvement in these illegal activities reflects on Plaintiff's truthfulness. Further, Plaintiff consistently failed to take his anti-depressant medications as prescribed, (Tr. 157, 167, 273, 280), and reported to Nurse Cross that he was hesitant to move into subsidized housing because "he would be pressured into working." (Tr. 273.)  The ALJ did not err in finding Plaintiff's allegations "not credible."

**B.   Medical Opinions**

Plaintiff claims the ALJ improperly rejected the assessment of Plaintiff's mental functional capacity by Peter Gobar, M.D., in favor of the opinions of examining psychologist Thomas Rowe, Ph.D., and the agency reviewing physicians. (Ct. Rec. 13 at 7.)  Plaintiff also asserts the combination of moderate limitations included in Dr. Rowe's assessment constitute sufficient evidence to support a finding of disability. (Id. at 9-10.)

In a disability proceeding, it is the role of the ALJ to resolve conflicts in medical evidence.  A treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If the treating physician's opinion is not contradicted, it can be rejected only with "clear and convincing" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.  Furthermore, a treating physician's opinion "on the ultimate issue of disability"

must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with "clear and convincing" reasons. *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001).

To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*, 278 F.3d at 957; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is not required to accept the opinion of a treating or examining physician if that opinion is brief, conclusory and inadequately supported by clinical findings. *Id.*

Here, in assessing Plaintiff's RFC, the ALJ discussed Dr. Gobar's report and found the limitations checked on the RFC form were conclusory and inconsistent with Dr. Gobar's narrative report. (Tr. 19, 321-24, 351-52.) These are legitimate reasons, supported by substantial evidence, for discounting Dr. Gobar's conclusory opinions. *Magallanes*, 881 F.2d at 751; *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). The evidence shows that Dr. Gobar's form report is not consistent his own treatment notes. For example, the record includes two reports from Dr. Gobar, indicating he saw Plaintiff once in December 2004 and once in January 2005, for medication management. (Tr. 321-24.) In January 2005, Dr. Gobar reported "in terms of overall functioning, doing activities of daily living . . . he is not having any significant problems." He stated Plaintiff was cooperative, friendly, alert with "fairly good" concentration. (Tr. 323.) There is not substantial evidence in Dr. Gobar's notes to support the "marked" limitations assessed in the

February 2005 evaluation form.  Further, treatment notes completed by Nurse Cross, who saw Plaintiff routinely for several years, show no such marked limitations.  She observed positive responses to medication once Plaintiff started taking it as prescribed and refrained from cannabis use.  In 2004, she also noted Plaintiff's major depression as "in remission." (Tr. 273, 276, 281, 315-20.) Finally, the ALJ's consideration of claimant's credibility in the evaluation of medical evidence was appropriate.  *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

　　Although the ALJ concurred with Dr. Rowe's assessment of moderate limitations, he failed to reject or accept a significant number of moderate limitations found by Dr. Rowe and the state agency physicians, whose opinions he found were consistent with his RFC findings. (Tr. 19, 210-11.)  This is legal error and cause for remand.  A review of the record indicates Dr. Rowe found Plaintiff had numerous moderate limitations in: his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them, and set realistic goals. (Tr. 17, 361-62.)  These were neither incorporated into the RFC findings, nor rejected; therefore, Dr. Rowe's opinions are credited as a matter of law.  *See Lester*, 81 F.3d at 834.  Because the ALJ failed to fully account for these moderate limitations and assess their effect in combination, the RFC findings are not supported by substantial

evidence. *Smolen v. Chater,* 80 F.3d 1273, 1290-91 (9th Cir. 1996)

**C.   Step Four - Past Relevant Work**

At step four, after RFC findings are made, the ALJ determines if a claimant can perform past relevant work. Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *SSR* 82-62. This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920 (a)(4)(iv). Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61. In finding that an individual has the capacity to perform a past relevant job, the decision must contain among the findings the following specific findings of fact:

1.   A finding of fact as to the individual's residual functional capacity;

2.   A finding of fact as to the physical and mental demands of the past job/occupation; and

3.   A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *SSR* 82-62.

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. Evidence of the physical and mental requirements of a particular job may be found in the Dictionary of Occupational Titles (*DICOT*), other administratively recognized publications, or vocational expert testimony. *SSR* 82-61. Vocational experts are used most often at an

ALJ hearing. *SSR* 00-4p. Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *see also SSR* 00-40.

As discussed above, the ALJ's RFC findings are not supported by substantial evidence in that they did not include a number of moderate non-exertional limitations found by Dr. Rowe which the ALJ found persuasive. (Tr. 19.) Further, the ALJ did not make the required "specific findings of fact" regarding Plaintiff's past work as impacted by all of his limitations. The ALJ did not take Plaintiff's testimony, and even though vocational expert Jill Dempsey appeared at the hearing (Tr. 383), vocational expert testimony regarding the physical or mental demands of Plaintiff's past work as cook or nursery work was not presented. On remand, at step four, and if necessary at step five, vocational expert testimony would be appropriate, as there is unrejected medical evidence of numerous moderate non-exertional limitations, the combination of which may preclude past work. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989).

The ALJ's conclusion that Plaintiff can do his past work as a cook and nursery worker without reference to the *DICOT* or vocational expert testimony is unsupported by substantial evidence in the record. While it is not certain that Plaintiff will succeed in proving he is disabled and entitled to disability insurance benefits, because it is unclear from the record whether Plaintiff can perform past work or other work in the national economy, remand is appropriate. *See Harman*, 211 F.3d at 1178; *Smolen v. Chater,* 80

F.3d 1273, 1292 (9th Cir. 1996). Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13 )** is **GRANTED**. This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42. U.S.C. § 405(g) and the decision above;

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED;**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED June 1, 2007.

              S/ CYNTHIA IMBROGNO
         UNITED STATES MAGISTRATE JUDGE